William C. Johnson (State Bar No. 85224)
BENNETT & JOHNSON, LLP
1901 Harrison Street, Suite 1600
Oakland, California 94612
Telephone:  (510) 444-5020
Facsimile:   (510) 835-4260
Email:  william@bennettjohnsonlaw.com

Attorneys for Plaintiff
LUIS ALEJANDRE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALEJANDRE,<br><br>            Plaintiff,<br><br>     vs.<br><br>CITY OF NAPA, NAPA POLICE OFFICER THOMAS KEENER, and DOES 1 through 20, inclusive,<br><br>            Defendants, | CASE NO.:  C12-4985 JCS<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Date:  April 12, 2013**<br>**Time:  9:30 a.m.**<br>**Courtroom G, 15th Floor**<br><br>**Honorable Joseph C. Spero** |

# **TABLE OF CONTENTS**

| | | | Page No. |
|---|---|---|---|
| A. | INTRODUCTION | | 1 |
| B. | STATEMENT OF FACTS AND PROCEDURAL HISTORY | | 2 |
| C. | GOVERNING LEGAL STANDARDS | | 4 |
| D. | ARGUMENT | | 4 |
| | 1. | The Motion Should Be Denied in its Entirety Because it Disregards the Governing Standards for 12(b)(6) Motions | 4 |
| | 2. | On Each Claim for Relief, Plaintiff Properly States a Claim | 7 |
| | | a. Section 1983 Claim Against Officer Keener | 7 |
| | | b. Section 1983 Claim for Municipal *Monell* Liability Against the City | 8 |
| | | c. California Civil Code Section 52.1 | 11 |
| | | d. Assault-and-battery and Negligence | 12 |
| | | e. Intentional Infliction of Emotional Distress | 13 |
| E. | CONCLUSION | | 14 |

# **TABLE OF AUTHORITIES**

Page No.

Allarcom Pay Telev. Ltd. V. General Instr. Corp.
69 F.3d 381, 385 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Andrews v. Metro N. Comm. R.R. Co.
882 F.2d 705, 707 (2nd Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1, 5, 6

Aquino v. Superior Court
21 Cal.App. 4th 847, 856, 26 Cal.Rptr.2d 477 (Cal.App. 1993). . . . . . . . . . . . .   13

Arres v. City of Fresno
2011 WL 284971 (E.D.Cal. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Ashcroft v. Iqbal
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Bell Atl. Corp v. Twombly
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Borel v. United St. Cas. Co.
233 F.2d 385, 387-388 (5th Cir. 1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5, 6

Buckey v. Los Angeles
957 F.2d 652, 654 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Christie v. Iopa
176 F.3d 1231, 1238-1239 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

City of Canton v. Harris
489 U.S. 378, 390 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Clouthier v. County of Contra Costa
591 F.2d 1232, 1249-1250 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Connick v. Thompson
131 S.Ct. 1350, 1360 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Henry v. County of Shasta
132 F.3d 512, 518 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Huey v. Honeywell, Inc.
82 F.3d 327, 333 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6

Ileto v. Glock, Inc.
349 F.3d 1191, 1199-1200 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Johnson v. State of Cal.
207 F.3d 650, 653 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 8

Karim-Panahi v. Los Angeles Police Dept.
839 F.2d 621, 623 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Kunglig Janrvagsstyrelsen v. Dexter & Carpenter, Inc.
32 F. 2d 195, 198 (2nd Cir. 1929) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

Lacy v. Maricopa Cty.
693 F.3d 896, 911 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Lazy Y Ranch Ltd. V. Behrens
546 F.3d 580, 588 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1, 4

McRorie v. Shimoda
795 F.2d 780, 784 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Monnell v. Dept. of Soc. Servs.
436 U.S. 658, 691 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8, 9, 10

Shoyoye v. County of Los Angeles
203 Cal.App.4th 947, 137 Cal.Rptr.3d 839 (Cal.App. 2012). . . . . . . . . . . . . . . .   12

Starr v. Baca
652 F.3d 1202, 1216 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Codes of Civil Procedure

Cal. Civil Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

**A.     INTRODUCTION.**

Plaintiff Luis Ajejandre respectfully files this opposition to defendants' "Motion to Dismiss Plaintiff's First Amended Complaint" under Federal Rule of Civil Procedure 12(b)(6) (the "Motion").

First, the Motion should be dismissed in its entirety because it consistently violates the fundamental rule of 12(b)(6) motions—that this Court's "inquiry is limited to the allegations in the complaint, which must be accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Instead of addressing the sufficiency of the allegations in the operative first amended complaint, defendants improperly attack the "allegations of plaintiff's original complaint" (*e.g.* Motion at 9:8-9), allegations that supposedly contradict the current pleading. Defendants are wrong—the prior allegations are not in conflict with the current ones (as discussed further below). But even if they were, they would not be somehow imported into the current complaint for analysis on this motion. Instead, as the authorities cited it the Motion show, the prior allegations are "superseded" in the pleadings, and at most they can later constitute "evidence of the facts stated." *See Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996); *accord Andrews v. Metro N. Comm. R.R. Co.*, 882 F.2d 705, 707 (2nd Cir. 1989) (conflicting allegations in "original complaint" are properly "received in evidence" at trial). Because the Motion focuses on superseded prior allegations, it cannot support dismissal of the current complaint and thus should be denied.

Second, the Motion does not show that the operative allegations in the first amended complaint fail to state a claim on any of plaintiff's claims for relief:

1.     <u>Fourteenth Amendment</u>: Plaintiff states a section 1983 claim asserting a violation of plaintiff's <u>Fourth</u> Amendment rights. Plaintiff does not allege a direct violation of the <u>Fourteenth</u> Amendment, which is applicable only in that it applies the protections of the Fourth Amendment to the states and thus to defendants here.

2.     <u>Fourth Amendment</u>: The FAC properly alleges that defendants violated plaintiff's

Fourth Amendment right to freedom from the use of excessive force.  These allegations are not affected by any superseded allegations of the original complaint.  At most, defendants argue that the allegations (of both complaints together) "support a reasonable <u>inference</u>" that Officer Keener (who beat and shot plaintiff) used "reasonable" force.  Motion at 8:9-14 (emphasis added).  But this is at best a factual argument that ignores the 12(b)(6) requirement to accept all allegations as true and construe them favorably to plaintiff.

   3. <u>*Monell* claim</u>: The FAC carefully and sufficiently alleges a claim for section 1983 liability against the City of Napa ("City") under all three *Monell* prongs: City's policies and practices; inadequate training; and ratification.

   4. <u>Cal. Civil Code § 52.1</u>:  The FAC alleges extreme violence far beyond any coercion that is "inherent" in any mere improper detention.

   5. <u>Assault and Battery and Negligence</u>: As with the Fourth Amendment claim, plaintiff's state-law claims for assault-and-battery and negligence properly and sufficiently allege that Officer Keener unreasonably detained him and used excessive force—allegations that must be accepted as true.

   6. <u>Intentional Infliction of Emotional Distress</u>: The FAC properly and sufficiently alleges all of the elements of an IIED claim under California law.

**B.** **STATEMENT OF FACTS AND PROCEDURAL HISTORY.**

   In September 2012, plaintiff filed his original "Complaint for Damages" in this Court. After defendants moved to dismiss that complaint, plaintiff amended as of right, filing his operative "First Amended Complaint for Damages" (FAC) in January 2013.  This FAC responds to various arguments raised in the first motion to dismiss, *e.g.*, stating a separate *Monell* claim against the City.  FAC at 8-10.

   The FAC makes the following factual allegations that underlie all causes of action.

   Plaintiff is a resident of the defendant City of Napa ("City").  FAC ¶ 4.  Defendant Thomas Keener is an employee of defendant City, working as an officer in the Napa Police Department.  FAC ¶ 6.

On the evening of Sunday May 13, 2012, plaintiff was walking in a residential neighborhood of the City toward his home a "few blocks" away. FAC ¶ 16. Plaintiff had lived in the neighborhood for "many years" and was known by neighbors as "peaceful and law abiding." *Id.* As plaintiff walked in his neighborhood, he "was at all times acting in a lawful and proper manner and had not committed any crime or breach of peace." *Id.*

From the road in his patrol car, Officer Keener "flashed a spot light" toward plaintiff "in an apparent attempt to encounter plaintiff without legal cause or justification." FAC ¶ 17. Officer Keener "had no facts or information" to "reasonably suspect that criminal activity was occurring or that plaintiff was connected to any criminal activity." *Id.*

Officer Keener's inappropriate encounter made plaintiff "confused and afraid." FAC ¶ 18. Plaintiff thus "ran into the backyard of an adjacent apartment building." *Id.*

Officer Keener still lacked "probable cause to believe that plaintiff had committed a crime." FAC ¶ 19 (emphasis added). Because plaintiff had fled, Keener also lacked probable cause to believe that plaintiff "posed a significant threat of harm" Keener or anyone else. *Id.* "Plaintiff was unarmed" and had done "nothing to create a reasonable basis" for Keener to "believe he was armed." *Id.*

Nevertheless, Officer Keener pursued his improper encounter with plaintiff, exiting his patrol car to chase plaintiff "on foot into the backyard." FAC ¶¶ 18, 19. Once in the backyard, Keener "informed dispatch" by radio that plaintiff was "contained" and "in a secured area." FAC ¶ 19.

In response, dispatch "<u>instructed</u>" Keener that "other officers were in route" and to "wait for backup." FAC ¶ 19. But Officer Keener disregarded these instructions, "continu[ing] his pursuit" until he "confronted plaintiff in the backyard of the apartment building." *Id.*

Officer Keener then "proceed to beat plaintiff with his metal flashlight until he was semi-conscious and bleeding profusely from a large laceration about his face and head." FAC ¶ 19. Finally, Keener shot plaintiff "in the face with his handgun." *Id.*

Officer Keener's "use of force," like his initial confrontation of plaintiff, was "neither

3

1 justified, lawful, nor reasonable under the circumstances." FAC ¶ 21. Plaintiff "had not
2 committed any crime and did not present a threat of harm to the defendants or to anyone else."
3 FAC ¶ 20. "Once cornered in the backyard" without legal justification, plaintiff tried to
4 "compl[y] with instructions" and "surrender to authority." FAC ¶¶ 19, 21. Any "movement" by
5 plaintiff was in response to Keener's "instructions" or "in an effort to shield himself from the
6 beating" he was receiving. FAC ¶ 21. Plaintiff did not pose an "imminent threat of death or
7 serious injury" to Keener or anyone. *Id.*

**C. GOVERNING LEGAL STANDARDS.**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Buckey v. Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992).

The search for allegations supporting entitlement to relief is "limited to the allegations in the complaint." *Lazy Y Ranch, supra*, 546 F.3d at 588; *accord Allarcom Pay Telev. Ltd. v. General Instr. Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).

Moreover, the complaint's allegations must be "accepted as true" and "all reasonable inferences must be drawn in favor of the nonmoving party" (*i.e.,* plaintiff here). *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000); *accord Lazy Y Ranch*, *supra*, 546 F.3d at 588. These rules of liberal construction are "particularly important in civil rights cases." *Johnson, supra,* 207 F.3d at 653.

**D. ARGUMENT.**

    **1. The Motion Should Be Denied in its Entirety Because it Disregards the Governing Standards for 12(b)(6) Motions.**

As noted above, a 12(b)(6) inquiry is "limited to the allegations in the complaint" at issue. *Lazy Y Ranch, supra*, 546 F.3d at 588.

But the Motion is not so limited. Instead of focusing on the allegations of the operative

4

FAC, the Motion repeatedly argues for dismissal in light of the superseded allegations of plaintiff's <u>former</u> (original) complaint. Motion at 9:8-14 (arguing for dismissal in light of the "allegations of plaintiff's original complaint, taken together with his amended complaint"); 14:6-8 ("no facts showing the use of force was unreasonable under the original and amended complaints"); 16:2-9 ("the amended complaint, read together with his original complaint"), 17:14 ("The complaints, read together . . . .").

The allegations of the original complaint are <u>not</u> part of the FAC. Although allegations in the operative complaint constitute judicial admissions, "[w]hen a pleading is amended or withdrawn, the superseded portion <u>ceases</u> to be a conclusive judicial admission"—*i.e.*, they are not part of the new complaint. *Huey*, *supra*, 82 F.3d at 333 (*quoting Kunglig Janrvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2nd Cir. 1929), *cert. denied*, 280 U.S. 579 (1929); *accord Borel v. United St. Cas. Co.*, 233 F.2d 385, 387-388 (5th Cir. 1956) ("A superseded pleading is of course not a conclusive admission of the statements made therein, and is not properly considered by a fact-finder unless introduced in evidence.").

Despite this clear authority, defendants insist that plaintiff's earlier allegations are part of the current allegations at issue on this motion to dismiss. Defendants quote general language that the "amendment of a pleading does not make it any less the admission of the party," who "cannot advance one version of the facts in his pleadings, conclude that [his] interests would be better served by a different version, and amend [his] pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories." Motion at 2:10-14 (*quoting Andrews, supra,* 882 F.2d at 707). From this general language, defendants apparently posit that any former allegation is still an "admission" and thus an implicit part of the amended complaint.

But defendants are wrong. As shown by the next sentence of *Andrews*, as well as *Huey, supra* (also cited by defendants at Motion p. 2:14-15), the former allegation is not a "conclusive" judicial "admission" but rather an "extrajudicial" <u>evidentiary</u> "admission" that at trial can be "received in evidence" as "competent evidence of the facts stated." *Andrews*, *supra*, 882 F.2d at 707; *Huey*, 8 F.3d at 333. And if the former "admission" is later presented as evidence, it still

5

1 "can be explained or controverted at the trial by the party filing it." *Borel, supra,* 233 F.2d 385 at
2 388.
3   Accordingly, any superseded allegations of the original complaint are not part of the FAC
4 and thus are irrelevant to defendant's 12(b)(6) motion to dismiss.
5   Finally, even if the former allegations could possibly have any bearing on this Motion,
6 they still have no effect because nothing in the former allegations contradicts the current
7 allegations. Defendants grossly mischaracterize the former allegations at issue. According to
8 defendants:

> Plaintiff previously alleged that he was walking along a sidewalk when an unidentified officer first <u>attempted to detain him</u>, and as he continued to walk down the sidewalk Officer KEENER <u>then</u> pointed his weapon at him and gave him some commands.

Motion at 2:17-19 (emphasis added).

  This is simply wrong—plaintiff did not allege that Officer Keener <u>first</u> "attempted to detain him," <u>then</u> "pointed his weapon at him." Instead, he alleged that Keener simply "pointed his weapon at [plaintiff]" and "screamed confusing and contradictory instructions"—actions that exhibited an apparent "<u>intent</u> to detain [plaintiff] without legal cause or justification." Original Complaint at 4:6-11 (emphasis added).

  Moreover, the FAC is not contrary. There, plaintiff clarified that Officer Keener, instead of pointing his gun at plaintiff without any reason, "flashed a spot light" at plaintiff without any reason. FAC at 4:9-12. But whether it was a gun or a spot light, the point is that Keener had <u>no cause or justification to interact with plaintiff whatsoever</u>. Hence, the allegations of the two complaints are not in conflict. *Cf. Huey, supra,* 82 F.3d at 332-333 (initial answer that plaintiff was a "just cause" employee conflicted directly with later denial and claim of "at will" status); *Andrews*, *supra*, 882 F.2d at 706-707 (complaint alleged injury walking along train tracks; amendment "markedly different," alleging fall from station platform).

  But even if they were, it would create only an evidentiary issue at trial. Because the instant Motion rests almost entirely on the supposed impact of the former allegations that are not properly considered here, the Motion should be denied.

6

No. C12-04985-JCS
Plaintiff's Opposition to Motion to Dismiss Plaintiff's First Amended Complaint

**2.** **On Each Claim for Relief, Plaintiff Properly States a Claim.**

Next, on the merits of each claim for relief in the FAC, plaintiff properly states a claim.

### a. Section 1983 Claim Against Officer Keener.

Plaintiff's first assert a section 1983 claim for Officer Keener's violation of plaintiff's constitutional rights.

Defendants initially argue that the FAC does not state a claim for violation of plaintiff's "Fourteenth Amendment" rights. Motion at 6-7. But the FAC does not assert a direct Fourteenth Amendment violation (*e.g.*, substantive due process). Indeed, this claim rests expressly and solely on plaintiff's "<u>Fourth</u> Amendment" right to "be free from the use of excessive force by law enforcement officers." FAC, ¶ 32. Although the FAC (in ¶ 1) cites the Fourth and Fourteenth Amendments generally, it cites the Fourteenth Amendment only because that amendment applies the Fourth Amendment to states—and thus to defendants here. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 911 (9th Cir. 2012) ("Fourth" Amendment is "made applicable to the states through the Fourteenth Amendment").

Next, defendants argue that the FAC fails to state a section 1983 claim for violation of the Fourth Amendment because that Amendment protects only against "*unreasonable* searches and seizures"—and plaintiff's "allegations support a reasonable inference" that Officer Keener acted reasonably in approaching, detaining, beating, and shooting plaintiff. Motion at 7:25-26, 9:8-14.

This is nonsense. The FAC alleges clearly and unambiguously that Officer Keener had no cause to approach or detain plaintiff, let alone to savagely beat and shoot him in the face. FAC at 4:8-10 (plaintiff acting legally), 4:13-14 ("encounter plaintiff without legal cause or justification"), 4:14-16 ("no facts or information" to "reasonably suspect that criminal activity was occurring"), 4:20-24 (no "probable cause" to suspect a crime, a "threat of harm," or that plaintiff was "armed"); *accord* FAC 5:10-19, 8:2-6, 9:10-11, 11:7-8, 12:4-10.

The only basis for defendant's contrary claim is its insistence that the superseded allegations of the former complaint somehow show that "plaintiff resisted efforts to detain him and refused to obey orders" and "fled from police," supporting a "reasonable inference that his

suspicious, evasive conduct caused Officer Keener to believe that he was possibly armed and that his gestures and maneuvers were threatening." Motion at 9:8-12. As shown above, those superseded allegations are not part of the FAC and are thus irrelevant at this stage. But moreover, even if they could have any effect here, by defendants' admission the allegations at most create an evidentiary "inference" about Officer Keener's conduct. Motion at 9:10-11. But any such "inference" (even if possible) would not be conclusive—and a jury could certainly find to the contrary that Keener lacked cause even to approach plaintiff, let alone to beat and then shoot him. Because "all reasonable inferences must be drawn in favor of the nonmoving party" on a 12(b)(6) motion (*Johnson, supra,* 207 F.3d at 653), defendants are not entitled to their claimed "inference" here.

The FAC states a proper claim under section 1983 for Officer Keener's violation of plaintiff's Fourth Amendment protection against unreasonable searches and use of excessive force.

### b. Section 1983 Claim for Municipal *Monell* Liability Against the City.

Plaintiff's second claim for relief states a claim under section 1983 for municipal *Monell* liability against the City based on Officer Keener's violation of plaintiff's Fourth Amendment rights.

Under *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978), a public entity cannot be held liable under section 1983 "solely because it employs a tortfeasor." Instead, a public entity is subject to *Monell* liability only in three circumstances:

1. Policies and practices: When official policies or established customs inflict a constitutional injury.

2. Inadequate training: When omissions or failures in training amount to a policy of "deliberate indifference" to constitutional rights.

3. Ratification: When a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct. *Clouthier v. County of Contra Costa*, 591 F.2d 1232, 1249-1250 (9th Cir. 2010).

For many years, the Ninth Circuit rule for *Monell* claims was that a plaintiff need only make a "bare allegation that the individual [defendants'] conduct conformed to official policy, custom, or practice." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). But recently the Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*") and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*"), held generally that legally conclusory statements that are not supported by factual allegations do not suffice to state a claim under Rule 12(b)(6).

Although defendants here trumpet *Twombly* and *Iqbal*, they ignore the governing Ninth Circuit authorities applying those cases' holdings to the standards for pleading a proper claim for *Monell* municipal liability. In *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012), the Ninth Circuit held that, under *Twombly* and *Iqbal*, (1) a *Monell* claim "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) the facts pled must "plausibly suggest an entitlement to relief." *Starr* explained that "plausible" does not mean "probable":

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable.

*Starr*, *supra*, 652 F.3d at 1216-1217.

Here, the FAC sufficiently alleges ample facts raising a plausible claim under all three components of *Monell* liability:

Policy and practice: The FAC alleges the "City's policy and pattern of having its police officers resort to excessive force." FAC at 9:15-16. The FAC supports this with specific factual allegations of "other incidents of excessive force and unreasonable responses to individuals under similar circumstances," listing five separate incidents in the past several years involving excessive force by the Napa Police. FAC at 9-10 (¶ 37). And the FAC alleges that the City's policies and practices exhibited "deliberate indifference" to others' constitutional rights and

9

"were moving and causative forces behind the violations of constitutional rights and the resulting damages suffered by Plaintiff." FAC at 8:19-23. These allegations raise "plausible" facts supporting a *Monell* claim based on the City's alleged policies.

<u>Failure to train</u>: The FAC alleges that Officer Keener's "misuse of lethal and excessive force . . . stemmed from a failure of the City of Napa to properly train its officers and/or command staff, and the City's deliberate indifference to these training needs." FAC at 8:23-25. Training is "inadequate" in the *Monell* context when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). The "identified deficiency" in the training program "must be closely related" to the plaintiff's injury. *Id.* at 391. And "deliberate indifference" can be shown by a pattern of similar violations. *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011).

The FAC meets these criteria, alleging that the "City knew or should have known that its officers would encounter situations where the need for training to enable officers to avoid mishandling situations like this has been <u>patently obvious</u> to the City for years prior to this shooting, due to past incidents involving unreasonably subjecting citizens to the unreasonable use of deadly force." FAC at 9-10. The FAC alleges that this need for training is made obvious by the shooting of plaintiff alone, where Officer Keener ignored instructions to "wait for backup" and instead savagely beat and shot plaintiff. FAC at 10:3-11. "With proper training Defendant KEENER would have been operating from a common understanding of best practice for this type of situation and would not have employed faulty intuition or ignored the commands of dispatch or his superiors." FAC at 10:11-14.

Moreover, the FAC alleges a pattern of similar violations (as discussed above)—five "incidents of excessive force and unreasonable responses to individuals under similar circumstances." FAC at 10:15-11:4. "In light of this history, the City's failure to provide appropriate training regarding excessive force exhibits a deliberate indifference to the training

10

1 needs of its officers and the constitutional rights of its citizens." FAC at 11:5-7.

2 These fact-based allegations plausibly describe the elements of a *Monell* failure to train
3 claim and therefore suffice to state a claim.

4 Ratification: The FAC also alleges a plausible claim for City's ratification of Keener's
5 unconstitutional conduct. Ratification is a "question for the jury," asking whether "authorized
6 policymakers approve a subordinate's decision and the basis for it." *Christie v. Iopa*, 176 F.3d
7 1231, 1238-1239 (9th Cir. 1999). Ratification can be shown by "post-event evidence," including
8 the failure to reprimand the employee for his misconduct. *Henry v. County of Shasta*, 132 F.3d
9 512, 518 (9th Cir. 1997); *McRorie v. Shimoda*, 795 F.2d 780 784 (9th Cir. 1986).

10 This is what the FAC alleges. The City's "adoption and ratification" of Keener's
11 misconduct was a "moving and causative forc[e] behind the violations of [plaintiff's]
12 constitutional rights." FAC at 8:20-22. And the "use of excessive force against Plaintiff without
13 justification was ratified by the City through its mishandling of the investigation and wrongful
14 exoneration of Defendant KEENER's misconduct, which included returning Defendant KEENER
15 to full active duty even before the conclusion of the investigation." FAC at 10:8-11. These
16 factual allegations state a plausible claim for ratification.

17 If the FAC states a proper claim under even one *Monell* prong, the motion to dismiss must
18 be denied. And here the FAC states a proper claim for *Monell* municipal liability under all three
19 prongs.

20         **c.     California Civil Code Section 52.1.**

21 Plaintiff's third claim for relief properly asserts a claim for interference with his
22 constitutional rights through "threats, intimidation, or coercion" in violation of California Civil
23 Code section 52.1. FAC at 10-11.

24 Defendants first argue that this section 52.1 claim cannot lie "because there are no facts
25 showing [that] the use of force was unreasonable under the facts alleged in the original and
26 amended complaints." Motion at 14:6-11. This argument is a rehash of defendants' earlier
27 argument that, in light of superseded allegations from the original complaint, it is a "reasonable

28

11

inference" that Officer Keener's conduct was not unreasonable under the circumstances. And the argument fails for the same reasons discussed above: (1) the original complaint's allegations are irrelevant to this motion; and (2) all "inferences" must be resolved in plaintiff's favor here.

Next, defendants argue that the FAC is insufficient because the alleged "threats, intimidation, and coercion" were not "independent from the coercion inherent in the wrongful detention itself." Motion at 14:12-17. But this argument is refuted by the key case cited by defendants, *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 137 Cal.Rptr.3d 839 (Cal.App. 2012). In *Shoyoye*, the plaintiff was initially detained properly, but he was then "over-detained," kept in custody long after he should have been released. *Shoyoye*, 203 Cal.App.4th at 951-953, 958. This over-detention was not intentional but rather resulted from "human error"—a "County employee mistakenly attached to Shoyoye's paperwork information pertaining to a parolee scheduled to be sent to state prison." *Id.* at 951, 958. The appellate court held that this type of "over-detention in the County jail" did not present a valid claim under section 52.1 because "coercion" is "inherent in" the negligent over-detention. *Id.* at 959. Instead, section 52.1 protects against "interference with constitutional rights involving more egregious than mere negligence." *Id.* at 958.

Thus, *Shoyoye* held that a "wrongful arrest and detention, <u>without more</u>, cannot constitute 'force, intimidation, or coercion' for purposes of section 52.1." *Id.* at 960 (emphasis added). The "something more" most often involves "violence," "threatening violence," and "acts of violence." *Id.* at 958.

Here, that is precisely what plaintiff alleges—not a mere wrongful detention, but <u>violence</u> in the form of a savage beating culminating in being shot in the face. This type of violence is not "inherent in" a mere wrongful detention.

### d. Assault-and-Battery and Negligence.

Plaintiff's fourth and sixth claims for relief state proper state-law claims for (1) assault and battery, and (2) negligence. FAC at 11, 12.

Defendants' only challenge to these claims is its repeated argument that, in light of

12

No. C12-04985-JCS
Plaintiff's Opposition to Motion to Dismiss Plaintiff's First Amended Complaint

superseded allegations from the original complaint, it is a "reasonable inference" that Officer Keener's conduct was not unreasonable under the circumstances. Motion at 16:2-9, 17:10-21. And these arguments again fail for the same reasons discussed above: (1) the original complaint's allegations are irrelevant to this motion; and (2) all "inferences" must be resolved in plaintiff's favor here.

### e. Intentional Infliction of Emotional Distress.

Plaintiff's fifth claim for relief properly states a state-law claim for intentional infliction of emotional distress ("IIED"). FAC at 11. Plaintiff specifically alleges all the elements of an IIED claim: that Officer Keener's misconduct was "despicable and outrageous and done with wanton and reckless disregard of the consequences to Plaintiff," was "done with knowledge that it was highly probable that Plaintiff would suffer severe fright, anxiety, humiliation, mental anguish and emotional and physical distress"; and causation of emotional distress to plaintiff. FAC at 11:16-25; *see Aquino v. Superior Court*, 21 Cal.App.4th 847, 856, 26 Cal.Rptr.2d 477 (Cal.App. 1993).

Defendants argue, with little analysis, that the FAC "relies on mere conclusions" that are not "factually supported." Motion at 16-17. But the FAC is amply supported by detailed factual allegations about Officer Keener's conduct: encountering plaintiff for no reason, chasing him without cause, ignoring instructions to stand down, cornering plaintiff, beating him severely with a flashlight, and finally shooting him in the face. FAC at 4-6. These detailed factual allegations are all incorporated into the IIED claim for relief. FAC at 11:16-17.

Accordingly, the IIED allegations here are nothing like the IIED claim that were deemed insufficient in *Arres v. City of Fresno*, 2011 WL 284971 (E.D.Cal. 2011). There, the necessary IIED allegations were missing. The *Arres* complaint alleged only that two police officers "unjustifiedly shot Mr. Graham to death when he posed no threat of harm." *Id.* at *28. The *Arres* allegations "raise[d] no inferences that defendants' conduct was so severe and outrageous to meet IIED levels, and <u>plaintiffs [did] not claim so</u>." *Id.* (emphasis added).

Here, by contrast, the FAC alleges specifically that Officer Keener's conduct was so

13

1 despicable and outrageous that it met IIED levels.

**D. CONCLUSION.**

For all of the foregoing reasons, defendants' motion to dismiss the FAC should be denied.

DATED: March 1, 2013          BENNETT & JOHNSON, LLP


 /s/William C. Johnson
WILLIAM C. JOHNSON
Attorney for Plaintiff
LUIS ALEJANDRE