UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALEJANDRE,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF NAPA, et al.,<br><br>        Defendants. | Case No. 12-04985 JCS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Docket No. 17 |

Plaintiff in this action alleges that he was subjected to excessive force in violation of his Fourth Amendment rights when he was beaten by a police officer and then shot in the face and severely injured. He asserts claims against the officer involved and the City of Napa under both state and federal law. Defendants seek dismissal of all of Plaintiff's claims, pointing to allegations in Plaintiff's original complaint which are not included in his amended complaint; Defendants argue that when these original allegations are considered, Plaintiff's claims fail as a matter of law because the Defendant officer acted reasonably. Defendants also contend that Plaintiff's allegations against the city seeking to establish liability on the basis of inadequate training, a policy or practice of excessive force, or ratification of the officer's action, are not supported by sufficient factual allegations.

The Court has reviewed the allegations in Plaintiff's First Amended complaint and finds that Plaintiff's claims satisfy the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure, consistent with the Supreme Court's decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To the extent the original complaint may contain allegations that support an inference that the officer acted reasonably or that Defendants are not liable on Plaintiff's claims, those allegations are merely evidence that gives rise to fact

1  questions, which may not be resolved on a motion to dismiss under Rule 12(b)(6).  *Huey v.*
2  *Honeywell, Inc..*, 82 F.3d 327, 333 (9th Cir. 1996).[1]  Accordingly, the Motion is DENIED.  The
3  Court **vacates the May 17, 2013 motion hearing** pursuant to Civ.L.R. 7-1(b).    The Case
4  Management Conference set for the same date at 1:30 p.m. shall remain on calendar.
5            IT IS SO ORDERED.
6  Dated:  April 30, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

[1] The Court notes that Defendants challenge Plaintiff's  excessive force claim under 42 U.S.C. § 1983 on the basis that it is asserted, in part, based on a violation of the Fourteenth Amendment.  That challenge fails because it is clear in the First Amended Complaint that Plaintiff's excessive force claim is asserted under the Fourth Amendment and not the Fourteenth Amendment.  *See* FAC ¶ 32.  *See also* Opposition at 1 ("Plaintiff states a section 1983 claim asserting a violation of plaintiff's Fourth Amendment rights.  Plaintiff does not allege a direct violation of the Fourteenth Amendment, which is applicable only in that it applies the protections of the Fourth Amendment to the states and thus to the defendants here.")